BEARDSLEY *et al.* *v.* JOHNSON *et al.*

(*Supreme Court, General Term, First Department.* June 19, 1888.)

1. CORPORATIONS—ELECTION OF DIRECTORS—WHEN HELD—CONSTRUCTION OF STATUTE. 1 Rev. St. N. Y. p. 604, § 8, providing for an election of directors of any incorporated company within 60 days after the appointed time, in case for any reason an election is not held on the appointed day, is directory merely; and where the by-laws of a corporation provide for an election on the third Tuesday in November, and no election is held from November, 1879, until October 15, 1881, the last election is legal, and the service of a summons in 1883, upon a director elected at the first election, is void.

2. SAME—ELECTION OF STOCKHOLDERS—VALIDITY—PRESUMPTION.

    In an election for directors of a corporation, where there is no proof that there were not enough votes cast to elect, and the directors elected received all the votes cast, there is no presumption that the votes cast were not sufficient to elect.

3. SAME—ILLEGAL CONDUCT OF DIRECTORS—EFFECT.

    The fact that newly-elected directors have subsequently acted illegally, does not reinstate in office their predecessors.

    Appeal from special term, New York county; MILES BEACH, Justice.

    Action brought by Denman W. Beardsley and another against Martin G. Johnson and others, to enforce defendants' liability as subscribers to the stock of the Eastern Railroad Company of Long Island, in order to pay a judgment recovered against that company. The case was tried before the court without a jury, and a decision rendered in favor of defendants, dismissing the complaint. From the judgment entered in the case plaintiffs appeal.

    Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

    *Abram McKennan,* for appellants. *James Armstrong,* for respondents.

    VAN BRUNT, P. J. The only question necessary to be considered upon this appeal is as to the regularity of the judgment against the Eastern Railroad Company of Long Island, which is the foundation of this action. The summons in the action against the railroad company was served July 28, 1883, upon one Martin G. Johnson, who must have been either president, secretary, cashier, treasurer, director, or managing agent of the corporation to make the service regular or effectual. Code Civil Proc. § 431. It appears that in November, 1879, Johnson was elected a director, and subsequently, on the same day, by the directors elected president. Johnson swears that he never accepted the office of president, but he does not deny that he was a director, which, if he continued such, would make the service of the summons sufficient, and he did continue such under the statute, as he did not resign until some one else was elected in his place. The by-laws of the company provided for an annual election of directors on the third Tuesday of November in each year. There, however, does not appear to have been any election held until October 15, 1881, at which time it is claimed a new board of directors was elected, of which Johnson was not a member. It is claimed that this election was wholly unauthorized, but for what particular reason is not stated. The Revised Statutes (1 Rev. St. p. 604, § 8) provide for the holding of an election for directors of any incorporated company within 60 days after the appointed day, in case for any reason such election is not held on that day; and this provision of statute has been held to be directory, and if the election be not held within 60 days immediately after the failure to hold the annual election it can be held at a later period. *Vandenburgh* v. *Railway Co.*, 29 Hun, 348. In other words, the corporation does not die because of a failure to elect directors, nor is the omission an irreparable one. The stockholders of this corporation, therefore, had power to hold an election, even though the 60 days had expired. The objection that it does not appear that the election was sufficient as to number of votes cast to elect anybody does not seem to be well taken. There is no proof that there were not enough votes cast to elect, and, as the directors declared elected received all the votes cast, there is no presumption to be indulged in that the votes cast were not sufficient to elect. There is nothing to show but that the election in October, 1881, was just as legal as the election of November, 1879. We do not think, therefore, that there is any proof that Johnson was either president or a director of the railroad company at the time he was served, and therefore the judgment against such company was improperly entered. The fact that the newly-elected directors may have subsequently acted illegally in no way changed the situation. Their illegal action did not reinstate in office their predecessors. The judgment appealed from should be affirmed, with costs.

    BRADY and DANIELS, JJ., concurred.